IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02536-WDM-MEH

UNITED DAIRY FARMERS, INC,
An Ohio Corporation,

Plaintiff,

v.

BP AMERICA PRODUCTION COMPANY,

Defendant.

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the parties' Joint Motion for Protective Order. The Court finds that the information covered by this Order does not concern matters that have a probable adverse effect upon public health or safety, or the administration of public office, or the operation of government. Further, under the authority of F.R.C.P. 26(c), the Court wishes to formulate a procedure that will both facilitate discovery in this action and maintain the confidentiality of information produced in discovery that contains trade secrets or confidential research, development, financial, or other competition-sensitive information.

It is, therefore, hereby ORDERED as follows:

1. The terms of this Agreement and Order shall govern the discovery and use of materials designated as "CONFIDENTIAL INFORMATION" in accordance with the terms hereof, including the procedures for challenging designations of confidentiality and the terms, conditions and restrictions on the production and use of the confidential material. This Agreement and Order shall apply to all information, documents and things subject to discovery under the Federal Rules of Civil Procedure from any party to this action, including, without limitation, testimony adduced at depositions upon oral examination or upon written question, answers to interrogatories, and documents and tangible things produced.

2. A party producing information, documents or things in discovery, which it believes to be "CONFIDENTIAL INFORMATION," under the standards provided herein may designate the same by marking the information, document or thing as "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER." Any such designation shall be made at the time that answers to interrogatories are served; or at the time, following inspection, that tangible things or copies of documents are furnished to a party conducting such discovery; and information disclosed at a deposition may be designated by any party as "CONFIDENTIAL INFORMATION" by indicating on the record at the deposition the specific portions of testimony are so designated, or alternatively, a party claiming that information contained in the deposition transcript is

"CONFIDENTIAL INFORMATION" shall advise opposing counsel in writing of the specific pages of the deposition to be treated as "CONFIDENTIAL INFORMATION" within thirty (30) days after receipt of the transcript of the deposition. The portions of deposition testimony containing "CONFIDENTIAL INFORMATION" shall be stamped "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" and access thereto shall be limited as provided herein.

3. A party designating information as "CONFIDENTIAL INFORMATION" may make such designation as to information which it believes in good faith meets the following definition of "CONFIDENTIAL INFORMATION." The term "CONFIDENTIAL INFORMATION," as used herein, shall be limited to trade secrets or other confidential information which such party is entitled to protect pursuant to C.R.C.P. 26(c) and to such proprietary and financial information which (i) contains confidential research, development or commercial information, (ii) is of a type that has not been disclosed to the public or to federal or state regulatory agencies (unless such disclosure would not be information obtainable by the public upon request), (iii) has not otherwise been voluntarily disclosed to third parties, either through negotiations for the sale of producing properties or otherwise (unless such disclosure was pursuant to a confidentiality agreement between the party supplying the information and the party receiving the information and remains confidential under the terms thereof), (iv) is maintained by

the designating party as confidential in the ordinary course of business, (v) would cause substantial harm to the designating party if disclosed to its competitors, and (vi) is designated by the party supplying the information with language to the effect that the information is "CONFIDENTIAL INFORMATION," whether such is a document, information contained in a document, or information revealed through a deposition or otherwise, in response to discovery in this case. If counsel or persons substantially involved with the production of documents have actual knowledge that the designating party has made a subsequent voluntary disclosure to any third party of any "CONFIDENTIAL INFORMATION" or ceases to maintain such document or thing as confidential, such party shall promptly give written notice of such disclosure or cessation to each other party and such information shall no longer be "CONFIDENTIAL INFORMATION."

  4. All documents and information produced or revealed in this litigation and which contain "CONFIDENTIAL INFORMATION" shall be subject to the following restrictions:

  a. the documents and information shall be used by "Qualified Persons" only for the purpose of this litigation and not for any business or other purpose whatsoever, except as otherwise provided in this Agreement and Order;

  b. he documents and information shall not be shown or communicated in any way inconsistent with this Agreement and Order or to anyone other than "Qualified Persons,"

which persons receiving "CONFIDENTIAL INFORMATION" shall not make further disclosure to anyone except as allowed by this Agreement and Order;

      c.      nothing in this Agreement and Order shall be construed to limit in any way the right of the designating party to use his own "CONFIDENTIAL INFORMATION" material for any purpose or by any party to use documents or information to which he has access by other legitimate means, nor preclude undersigned counsel from representing any party in any future litigation.

    5.      "Qualified Persons," as used herein, means:

      a.      Any judge who has jurisdiction over this action, personnel of the Court, court reporters, video equipment operators at deposition, any special master appointed by the Court;

      b.      the undersigned counsel for the parties and employees of such counsel providing assistance with respect to this litigation;

      c.      in-house counsel for a party actively participating in the case, his legal staff and outside legal advisors providing assistance with respect to this litigation;

      d.      third parties retained by counsel for a party or by a party in this litigation as consulting experts or expert witnesses for the purposes of providing assistance to either party or either party's counsel in this litigation who have complied with the provisions of Paragraph 12 of

this Order;

   e. employees, agents, or contractors of third party Qualified Persons who have complied with the provisions of Paragraph 12 of this Order, and who are involved in providing assistance to either party or counsel for either party with respect to this litigation;

   f. plaintiff and defendant, and any present employee, officer, agent, member or owner of plaintiff or defendant, or their affiliates who is involved in providing assistance in the litigation or in efforts to settle this action or whom counsel determines should be consulted with respect thereto;

   g. any actual or prospective witness in this litigation or any person who may have information relevant to the claims and defenses asserted in this action or which may be asserted in this action, provided that such a person complies with the provisions of Paragraph 12 of this Order; and

   h. any other person who is designated as a Qualified Person by written authorization of the party that designated the information as "CONFIDENTIAL INFORMATION," or by Order of this Court after notice to all parties and opportunity to be heard.

6. Each Qualified Person given access to "CONFIDENTIAL INFORMATION" shall segregate such material, keep it secure, and keep such information and documents confidential except as specifically provided for by the terms of this Agreement and Order.

7. The terms of this Confidentiality Agreement and Agreed Protective Order shall not

prohibit disclosure of any "CONFIDENTIAL INFORMATION"

      a.    by the designating party to any employee of the designating party; or

      b.    by any party to any person who is an author or designated recipient of the document, including addressees and designated recipients of copies, or

      c.    by any party to any person or entity who received or had a copy of or had seen a copy of the "CONFIDENTIAL INFORMATION" prior to its production in this action, provided that such person or entity may not retain any copy of such document containing "CONFIDENTIAL INFORMATION" furnished in connection with this litigation.

    8.    If subsequent to being furnished any information, document or thing designated as "CONFIDENTIAL INFORMATION," a party wishes to challenge any other party's claim of confidentiality, the objecting party shall give written notice thereof to the party who has made the claim of confidentiality, identifying the information or documents which the objecting party contends is not "CONFIDENTIAL INFORMATION." The parties shall attempt to resolve any such challenges by agreement. The designating party shall file a motion for protective order within 60 days of receipt of the written notification set forth above or be deemed to have waived its contention that the document or thing contains "CONFIDENTIAL INFORMATION." The designating party bears the burden of proving that such party is entitled to a protective order pursuant to C.R.C.P. 26(c)(7) with respect to each portion of the document or thing designated as

"CONFIDENTIAL INFORMATION."  No party shall be obligated to challenge the propriety of "CONFIDENTIAL INFORMATION" designation within any certain time period, but rather may challenge such designation at any time.  However, such documents must be held as "CONFIDENTIAL INFORMATION" until the Court rules that they are not "CONFIDENTIAL INFORMATION."

9. "CONFIDENTIAL INFORMATION" shall not be filed with the Clerk of the Court, except in a sealed envelope designating the same as subject to this Agreement and Order and in accordance with D.C.Colo.L.Civ.R. 7.2, and when so filed, the same shall be opened only by personnel authorized by the Court.  Nothing in this Order, however, shall prohibit or restrict a party from quoting from any documents within the body of any motion or brief filed with the court, or from presenting, using or referring to any "CONFIDENTIAL INFORMATION" in the form of testimony or documents as part of any pretrial hearing or other proceeding conducted by this Court, subject to the disclosing party's right to request the court take any and all measures the disclosing party believes is appropriate to treat and maintain such information as Confidential.

10. Documents which have been designated as "CONFIDENTIAL INFORMATION" shall not lose their "CONFIDENTIAL INFORMATION" character simply because they are designated as exhibits to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as "CONFIDENTIAL INFORMATION."

11.     At the request of any party, attendance at depositions may be restricted to Qualified Persons and the attorney(s) for the deponent during the disclosure of "CONFIDENTIAL INFORMATION." The reporter shall agree that no copies of parts of the deposition involving "CONFIDENTIAL INFORMATION" and no exhibits which are marked "CONFIDENTIAL INFORMATION" shall be made for, delivered, or made available to any person except counsel of record for the parties and the deponent and any separate counsel for the deponent and shall further agree to maintain a record of the name and address of each person to whom copies are delivered.

12.     Each person described in subparagraphs 5(d), 5(e); and 5(g) shall, prior to receiving "Confidential Information," execute a written statement in the form attached hereto as Exhibit "A."

Counsel for a party that has disclosed "CONFIDENTIAL INFORMATION" to independent third parties retained or used as consulting experts, to deponents, to prospective trial witnesses or other third party witnesses or potential witnesses who may have information relevant to this litigation, shall maintain: (i) a list of those persons to whom such disclosure has been made; and (ii) a copy of the written agreement of the person described herein. Disclosure of those lists and agreements shall be made at the request of the designating party within ninety (90) days after the final conclusion of this litigation (including any appeal), or at such other time as the parties may agree or the Court may

order.

13.     Nothing contained in this Agreement and Order, and no action taken pursuant to this Agreement and Order, shall prejudice the right of any party to urge or contest the alleged relevancy, admissibility, or discoverability of any information or any documents subject to this Agreement and Order on grounds other than the alleged confidentiality or trade secret status of the requested information or documents.  Inspection of "CONFIDENTIAL INFORMATION" by the receiving party shall be conducted only by Qualified Persons who shall treat any information in these documents as "CONFIDENTIAL INFORMATION."

14.     If "CONFIDENTIAL INFORMATION," in possession of a party to this action is subpoenaed by any court, administrative agency, legislative body, or any other person not a party to this action, the party to whom the subpoena is directed shall (i) provide reasonably prompt written notice to counsel for the designating party by facsimile and by regular mail for the purpose of permitting counsel for the designating party to assert an objection to the production of such documents or information prior to disclosure. The responsibility for attempting to prevent the disclosure or production of such information shall rest exclusively with the party who designated the information as confidential but, if the designating party objects to disclosure, the subpoenaed party shall not disclose the "CONFIDENTIAL INFORMATION" without the written consent of the designating party or the Order of the court, agency, or legislative body having jurisdiction over the

subpoena unless otherwise required by law.

15. Any documents, including exhibits, which embody or incorporate "CONFIDENTIAL INFORMATION" shall be designated by the party generating or creating such document or exhibit as "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" and shall be subject to the provisions of this Agreement; provided, however, that a party may quote from any document in any brief or motion without designating the brief or motion, or any portion thereof as "Confidential Information."

16. Any of the parties to this lawsuit may, by written agreement or a motion to the Court, seek a modification of this Agreement and Order.

17. This Agreement and Order shall govern pre-trial discovery. To the extent any party requests or desires that any documents be treated as confidential and protected during trial or any hearing before the court, such party shall bring the matter up with the Court at or prior to the time of trial or hearing and seek appropriate protections from the Court. The parties and their counsel agree, however, to keep Confidential Information confidential and shall only keep such documents and records as may be necessary for counsel's file after the final conclusion of this litigation, in which case the confidential protection of such documents shall continue.

18. The Court will prescribe any procedures it deems reasonable and necessary with respect to "CONFIDENTIAL INFORMATION" and this Order for the trial of this case.

19.     Nothing in this Confidentiality Agreement and Agreed Protective Order is intended to be and shall not be construed to be a waiver by any party of its claims or objections regarding the discoverability of any information sought by discovery in this case.

ORDERED this 25th day of April, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

By:*s/Karen L. Spaulding*
Michael J. Wozniak
Karen L. Spaulding
Beatty & Wozniak, P.C.
216 Sixteenth Street, Suite 1100
Denver, CO  80202-5115
Telephone:  (303) 407-4499

And

Thomas P. Dugan
Dugan & Associates, P.C.
900 Main Avenue, Suite A
Durango, Colorado 81301
Telephone:  (970) 259-1770

ATTORNEYS FOR BP AMERICA PRODUCTION COMPANY

By:*s/Brian S. Tooley*
Brian S. Tooley
Welborn Sullivan Meck & Tooley, P.C.
821 17th St. #500
Denver, CO 80202
Telephone: (303) 830-2500

James G. Whitley
McLaughlin & Whitley, LLC
813 Main Ave. #308
P.O. Box 2867
Durango, CO 81302
Telephone:  (970) 247-8236

ATTORNEYS FOR UNITED DAIRY FARMERS, INC